KRAVITZ MANUFACTURING CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. STYLE-KRAFT SHIRT CORPORATION, A FOREIGN CORPORATION, NOT CREATED OR RECOGNIZED AS A CORPORATION BY THE LAWS OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May 31, 1941—Decided September 19, 1941.

For the plaintiff-respondent, *Irving I. Jacobs.*

For the defendant-appellant, *Harry Berkowitz* (*Benjamin Asbell,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. In the Supreme Court the defendant-appellant's rule to show cause why a default judgment should not be opened was discharged. The appeal is from that determination and the argument is that the court's discretion should have been exercised in appellant's favor and that it had a meritorious defense.

The plaintiff, a garment manufacturer, sued for the balance due on a book account. The time to file an answer to the complaint was extended several times by stipulation between counsel for the parties and, after the expiration of the date fixed for such filing in the last extension, judgment was entered. On the return of the rule to show cause Mr. Justice Porter discharged it. His conclusion was that the applicant had not shown surprise; and further that there was no merit in the proposed answer. We shall not here consider either issue upon which the Supreme Court determination was rested because in the record before us we find no competent proof upon which we may consider them.

The rule to show cause was allowed upon presentation of a detailed, verified petition executed by an attorney at law who at the time suit was instituted represented the defendant. Nothing further by way of proof was supplied by the appellant. The respondent on the argument of the rule presented three affidavits, one executed by the plaintiff's attorney and two others by Messrs. Kravitz and Collo, president and book-keeper, respectively, of the plaintiff corporation. In this posture of affairs there is no competent proof before us for either side. The verified petition which was the basis of the rule to show cause had spent itself upon the rule being allowed and consequently, upon the argument of the rule, nothing whatever was before the court to sustain the claim of the appellant. Proper practice requires that the affidavit upon which the rule is issued be filed by the applicant; if it be

not filed the normal course is to vacate the rule. *Cooper* v. *Galbraith*, 24 *N. J. L.* 219. But, assuming the affidavit was filed, although nothing in the record indicates that it was, the applicant nonetheless must supply proof by deposition to support the matters and things alleged as a result of which the rule was allowed. There having been no such proof on the return of the rule to show cause, the court was entirely right in clearing the record by discharging the rule. Compare *Hunterdon, &c., Bank* v. *Packer*, 121 *Id.* 24; *Peer* v. *Bloxham*, 82 *Id.* 288; *Arcoil Manufacturing Co.* v. *New Brunswick Fire Insurance Co.*, 117 *Id.* 214. *Ex parte* affidavits may neither be read nor considered on the hearing of a rule to show cause on matters and things outside the record. Such matters must be brought to the court's attention by deposition taken on notice. *Baldwin* v. *Flagg*, 43 *Id.* 495; *Klein* v. *Adams Express Co.*, 61 *Id.* 530; *Goldstein* v. *Weir*, 124 *Id.* 327. An inspection of these authorities makes manifest the fact that the rule was properly discharged. The refusal of the Supreme Court to open the default judgment was entirely correct.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.